```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 08-22820-Cr-LENARD
                                (07-20253-Cr-LENARD)
                        MAGISTRATE JUDGE P. A. WHITE
```

GREGORY KING, JR.,            :

    Movant,               :

v.                            :          REPORT OF
                                                MAGISTRATE JUDGE

UNITED STATES OF AMERICA      :

    Respondent.           :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for felon in possession of a firearm entered following a guilty plea in case no. 07-20253-Cr-Lenard.

The Court has reviewed the motion with supporting memorandum (DE#1), the government's response (Cv-DE#6), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims:

    1.    The court erred in enhancing his sentence as an armed career criminal on the basis that the movant did not have the requisite prior convictions to support the enhancement. (Cv-DE#1:5;Memo:2).

    2.    He was denied effective assistance of counsel during the plea and sentencing

>proceedings, where his lawyer failed to: (1) advise the movant of the consequences of his plea; and, (2) object to the movant's enhanced sentence as an armed career criminal. (Cv-DE#1:5; Memo:2-3).

Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged by Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §924(c) and §922(g)(1) and §924(e). (Cr-DE#8). On June 15, 2007, the movant pleaded guilty as charged without the benefit of a written plea agreement. (Cr-DE#31). At that time, the court conducted a thorough Rule 11 proceeding, and the government indicated, without objection from the defense, that all certified prior convictions had been provided to the defense during discovery. (Id.). Movant's counsel further stated on the record that it had discussed with the movant that, if it was proven at sentencing that he had three prior convictions for either crimes of violence or controlled substance offenses, he faced an enhanced sentence as an armed career criminal. (Id.).

Prior to sentencing, a PSI was prepared which determined that the movant was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. §4B1.4(b)(3)(B). (PSI ¶18). Thus, the base offense level was set at a level 33, which was then reduced three levels based on acceptance of responsibility, resulting in a total adjusted base offense level 30. (PSI ¶¶19-20). The probation officer also determined that the movant had a total of 13 criminal history points, resulting in a criminal history category VI. (PSI ¶¶34-35). The statutory minimum was 15 years in prison and the maximum was determined to be life in prison for violation of 18 U.S.C. §924(e)(1). (PSI ¶74). Although the guideline imprisonment range for a base offense level 30, with a criminal history category

2

VI was 168 to 210 months in prison, pursuant to U.S.S.G. §5G1.1(c)(2), the appropriate guideline range was determined to be 180 to 210 months in prison. (PSI ¶75).

On August 31, 2007, the movant appeared for sentencing. (Cr-DE#30). At that time, the movant was sentenced as an armed career criminal to a term of 180 months in prison, the low end of the applicable guideline range, and the statutory minimum, followed by a total of 4 years supervised release. (Cr-DE#25). The judgment was entered by the Clerk on that same date. (Id.). No direct appeal was filed. For purposes of the federal AEDPA one-year limitations period, the judgment of conviction became final on September 14, 2007, ten days after the entry of judgment, when time expired for filing a notice of appeal.[1] This motion to vacate was next filed on September 30, 2008.[2]  (Cv-DE#1). It is not timely.

## Statute of Limitations

Pursuant to 28 U.S.C. §2255, a movant must file a motion to vacate within one year of four enumerated events.  The one year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

---

[1]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[2]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

3

>   the movant is prevented from making a motion by such
>   governmental action;
>
>   (3) the date on which the right asserted was initially
>   recognized by the Supreme Court, if that right has been
>   newly recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral review;
>   or
>
>   (4) the date on which the facts supporting the claim or
>   claims presented could have been discovered through the
>   exercise of due diligence.

Courts may <u>sua sponte</u> consider the issue of the timeliness of a motion to vacate even when the statute of limitations is not pleaded as a defense by the respondent. <u>Jackson Moore</u>, 292 F.3d 1347 (11 Cir. 2002). As previously narrated in this Report, it is evident that the motion was due in this court no later than September 14, 2008. The filing of the motion on September 30, 2008 is not timely.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. <u>See</u> <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 122 S.Ct. 1965 (2002); <u>Sandvik v. U.S.</u>, 177 F.3d 1269, 1270 (11 Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond his control.

In response to the limitations question, the movant appears to argue that he is entitled to equitable tolling because his institution of confinement was in lockdown for the period August 30th, 2008 through September 23, 2008, and therefore inmates were

4

unable to use the institution's law library or purchase stamps to mail any documents. (Cv-DE#1:Memo:3;Ex.C).

Circumstances like those asserted by the movant have been held to be neither "extraordinary" nor "unavoidable even with diligence." <u>Sandvik</u>, <u>supra</u>. Similar reasons are held to be insufficient to overcome the statutory limitations period, because such "expected, albeit unpredictable part[s] pf prison life" as prison lockdowns and inter-institution transfers do not constitute extraordinary circumstances and so do not warrant equitable tolling. <u>Akins v. United States</u>, 204 F.3d 1086 (11 Cir.), <u>cert. denied</u>, 121 S.Ct. 410 (2000)(prison lockdowns and misplacement of legal materials during transfer); <u>Giraldes v. Ramirez-Palmer</u>, 1998 WL 775085 (N.D. Cal. Nov. 3, 1998)(prison lockdown); <u>see also</u>, e.g., <u>Jackson v. Kelly</u>, 2000 WL 325690 (S.D.N.Y. Mar. 28, 2000)(administrative segregation); <u>Love v. Roe</u>, 1999 WL 253468 (S.D. Cal. Feb 2, 1999)(administrative segregation); <u>Posada v. Schomig</u>, 64 F.Supp.2d 790 (C.D. Ill. 1999)(lock down, attorney error, prison law clerk error); <u>See</u>, <u>e.g.</u>, <u>Brown v. United States</u>, 20 Fed.Appx. 373, 2001 WL 1136000 (6th Cir. 2001)(unpublished)(one year period during which federal prisoner could bring habeas petition was not equitably tolled on grounds that he was in transit to place of incarceration following sentencing.). In this case, the movant's generalized assertions concerning the prison's lockdown status does not entitle him to equitable tolling, as he had close to eleven months prior thereto to perfect and timely file his federal motion. No due diligence has been demonstrated sufficient to warrant equitable tolling.

To the extent that equitable tolling might be available here, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was also not diligent in pursuing his claims. <u>See</u> <u>Miller v. New Jersey State Dept. of</u>

5

Corrections, 145 F.3d 616, 618- 19 (3 Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenges to his convictions now raised. To the contrary, he had approximately eleventh months prior to the "lockdown" within which to have timely perfected and filed his motion to vacate. The one month lockdown does not constitute equitable tolling.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over one year after his judgment became final is untimely. The movant has not shown that extraordinary circumstances beyond his control precluded him from timely filing this motion to vacate. Notwithstanding, as the claims raised herein also fail on the merits, they are discussed briefly below.

Discussion of Claims

As noted above, the movant raises two claims, one of which challenges counsel's effectiveness during the plea and at sentencing. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). No such showing has been made here. To the contrary, the movant unequivocally states that he does not seek *vacatur* of his plea, but rather correction of his sentence. (Cv-DE#1;Memo:3).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir.

1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

It should further be noted that the movant waived his right to contest all nonjurisdictional defects and defenses, when he entered a knowing and voluntary guilty plea. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); see also, Wilson v. United States, 962 F.2d 966 (11th Cir. 1992); United States v. Broce, 488 U.S. 563 (1989); United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing, United States v. Smallwood, 920 f.2d 1231, 1240 (5th Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." Id. To enter into a voluntary plea, the defendant must understand the law in relation to the facts. McCarthy v. United States, 394 U.S. 459 (1969).

In **claims one and two**, the movant asserts that the court erred in enhancing his sentence as an armed career criminal on the basis that the movant did not have the requisite prior convictions to support the enhancement. (Cv-DE#1:5;Memo:2). He further claims that counsel was ineffective for failing to object to the enhancement on that basis. (Cv-DE#1:5; Memo:2-3).

The movant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g). A defendant who violates §922(g), and has been previously convicted of three or more offenses which are drug trafficking crimes or crimes of violence, is subject to a minimum prison sentence of 15 years and a maximum sentence of life. See 18 U.S.C. §924(e). The Eleventh Circuit has clearly ruled that §924(e) is merely a sentence enhancement provision, and does not create a separate offense. United States v. Ruo, 943 F.2d 1274, 1275 (11th Cir. 1991); see also United States v . Abernathy, 277 F.3d 1048, 1050 (8th Cir.), cert. den'd, 535 U.S. 1089 (2002)("Abernathy first argues his status as a recidivist with three previous violent offenses under 18 U.S.C. §924(e) should have been submitted to the jury as an element of the offense under Apprendi v. New Jersey . . . Abernathy's argument fails because this issue is not an element of the offense, but is a sentencing matter under Almendarez-Torres.[3]"). Moreover, §924(e) applies automatically, whether or not the government seeks such an enhancement. United States v . Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995).

Review of the PSI reveals that the probation officer determined the movant qualified as an armed career criminal pursuant to U.S.S.G. §4B1.4(a) and §4B1.4(b)(3)(B), based on his three prior felonies for crimes of violence and/or serious drug offenses. (PSI ¶26). This resulted in a total adjusted offense level 30. (PSI ¶20).

A defendant qualifies as an armed career criminal if the offense of conviction is a violation of 18 U.S.C. §924(e). See U.S.S.G. §4B1.4, App.n.1 (2006). Under 18 U.S.C. §924(e)(1), a defendant is subject to an enhanced sentence if the instant offense

---

[3]United States v. Almendarez-Torres, 523 U.S. 224 (1998).

9

of conviction is a violation of 18 U.S.C. §922(g) and the defendant "has at least three prior convictions for a 'violent felony' or 'serious drug offense,' or both, committed on occasions different from one another." U.S.S.G. §4B1.4, cmt.n.1. The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. §924(e)(2).

The movant appears to argue that the court erred in concluding that his prior conviction for strong arm robbery, entered in Dade County Circuit Court, case no. F94-008801, was unlawfully used to determine his status as an armed career offender because he entered a *nolo contendere* plea in that case and adjudication was withheld. Therefore, the movant concludes that this offense could not be calculated to determine his status as an armed career criminal.

What constitutes a conviction is determined in accordance with the law of the jurisdiction in which the proceedings were held. 18 U.S.C. §921(a)(20). Under Florida law, a "'conviction' means adjudication of guilt irrespective of the sentence." Weathers v. State, 56 So.2d 536, 538 (Fla. 1952). The Florida Statutes further provide that:

> [i]f it appears likely to the court upon a hearing of the matter that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and in either case, it shall stay and withhold imposition of sentence upon such defendant and place the defendant upon probation.

Fla.Stat. §948.01(2).

Under Florida Statute §948.01(2), the court has the discretionary authority to withhold the adjudication of guilt. Sanchez v. State, 541 So.2d 1140, 1141 (Fla. 1989). This decision is of vital importance as a plea of *nolo contendere* is not a felony conviction if the adjudication of guilt has been withheld. United States v. Willis, 106 F.3d 966, 967-68 (11th Cir. 1997). However, "a *nolo contendere* plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction...." United States v. Drayton, 113 F.3d 1191, 1193 (11th Cir. 1997).

While the movant is correct that this prior offense cannot be used to enhance his sentence as an armed career criminal because the movant pled no contest and adjudication was withheld, this is of no import, as the movant had an additional three prior convictions which would support the enhanced sentence. Consequently, even if the objection had been lodged by counsel in this regard, the movant's status as an armed career offender would not have been altered. Consequently, the movant cannot establish prejudice pursuant to Strickland and is thus entitled to no relief on this claim.

Specifically, review of the PSI reveals that the movant had prior convictions for possession with intent to sell, manufacture, or deliver cocaine, third degree grand theft, and aggravated battery on a pregnant woman. See PSI ¶¶24,29,31,43. Although the movant was not assessed criminal history points for his aggravated battery offense, the law is clear that there is no temporal restriction on the prior convictions that may be considered for purposes of an enhanced sentence under §924(e). See U.S.S.G. §4B1.4, comment (n.1)(stating that time period for the counting of prior sentences under U.S.S.G. §4A1.2 are not applicable to the determination of whether a defendant is subject to the enhanced sentence under 18 U.S.C. §924(e)); United States v. Presley, 52

F.3d 64, 69-70 (11th Cir. 1995); United States v. Wright, 48 F.3d 254, 256 (7th Cir. 1995); United States v. Lujan, 9 F.3d 890, 893 (10th Cir. 1993); United States v. Daniels, 3 F.3d 25, 28 (1st Cir. 1993); United States v. Blankenship, 923 F.2d 1100, 1118 (5th Cir. 1991); United States v. Green, 904 F.2d 654, 655-56 (11th Cir. 1990).

Moreover, the grand theft conviction also qualifies as a predicate offense. The facts, as contained in the PSI, reveals that the movant grabbed a gold necklace away from an employee at a kiosk and fled the area. (PSI ¶32). The movant was charged with and convicted of third degree grand theft, in violation of Fla.Stat. §812.014 (2001), which is punishable by a term of up to five years in prison. The movant was sentenced to 34 months in prison. (Id.). Based on the facts narrated above, it is clear that the offense is a "violent felony" as it "otherwise involves conduct that presents a serious potential risk of physical injury to another." See United States v. McDuffie, 2007 WL 2986398 at *1 (N.D. Fla. 2007)(holding that "grand theft of a motor vehicle" constitutes a "violent felony" for purposes of the Armed Career Criminal Act because it involves conduct that presents a serious potential risk of physical injury to another).

Finally, the two prior convictions for possession with intent to sell cocaine are also serious drug offenses for purposes of §924(e)(2)(A). The offense is a serious drug offense, punishable under Florida law, by a term of up to 15 years in prison, pursuant to Fla.Stat. §775.082(3)(c), and thus properly calculated in determining the enhanced sentence.

The Eleventh Circuit has also held that a conviction for aggravated battery on a pregnant victim also constitutes a "violent felony" for purposes of an enhanced sentence as an armed career

12

criminal. See United States v. Matthews, 466 F.3d 1271, 1276 (11th Cir. 2006)(affirming court's determination that defendant's aggravated battery conviction, aggravated assault conviction, and third-degree burglary conviction were violent felony convictions as defined under the Armed Career Criminal Act); United States v. Austin, 202 Fed.Appx. 445, 447 (11th Cir. 2006). Under Florida law, battery on a pregnant woman is punishable by a term of up to 15 years in prison. Fla. Stat. §784.045(1)(b)(1997). Thus, the movant's conviction in this regard also qualified as a predicate offense for purposes of the enhanced sentence. It is clear that the court properly enhanced the movant's sentence as an armed career criminal.

Under these circumstances, no deficient performance or prejudice has been established arising from counsel's failure to pursue these claims or otherwise challenge the movant's enhanced sentence for the reasons set forth by the movant in this collateral proceeding. Thus, he is entitled to no relief on these claims.

In **claim two**, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to advise the movant of the consequences of entering into a guilty plea. (Cv-DE#1:5;Memo:2-3). The movant is entitled to no relief on this claim, because any alleged deficiency on the part of counsel in this regard was cured by the court's thorough Rule 11 proceeding. (See Cr-DE#31).

To ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007). The

13

rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. Id. (citations omitted).

Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (2005). In Moriarty, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

Id.

Review of the change of plea proceedings reveals that the court conducted a thorough Rule 11 proceeding. (Cr-DE#320). At that time, the movant acknowledged under oath[4] that he was satisfied

---

[4]The law is clear that "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. Machibroda v. United States, 368 U.S. 487 (1962).

14

with counsel's representation, and that he had discussed the indictment, the government's case, and the nature of the charges with counsel prior to the change of plea. (Id.:2-7). The court advised and the movant acknowledged the potential consequences of entering a guilty plea, including the minimum and maximum statutory terms of imprisonment. (Id.:7,11-12). The movant also denied being forced, threatened or coerced into changing his plea, and denied being made any representations in order to convince him to plead guilty. (Id.:10). The movant further acknowledged that the sentence imposed may be different from any estimate given by his attorney or anyone else and if more severe, he would be unable to withdraw his plea. (Id.:9-13). The movant confirmed that as part of the negotiated plea, he was waiving his right to a direct appeal following imposition of sentence. (Id.:9-10).

On the record before this court, it is evident that the movant understood the facts and the elements of the offense upon which the charges rested. Moreover, by way of entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no showing has been made that the plea was anything but knowing and voluntary.

Thus, the movant's claim that counsel exerted pressure and/or otherwise forced him to plead guilty is clearly refuted by the movant's sworn declarations at the change of plea proceeding. The movant's post-conviction allegation that he relied upon counsel's misadvice or that he was otherwise coerced by counsel is clearly refuted by the record and/or otherwise cured by the court's colloquy at the change of plea proceeding. Under these circumstances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom. See Strickland,

15

supra.

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be dismissed as time-barred, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 8th January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Gregory King, Jr., Pro Se
      Reg. No. 78546-004
      F.C.C. - Coleman (USP)
      Federal Correctional Complex
      P. O. Box 1033
      Coleman, FL 33521

      Armando Rosquete, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132

16